AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

UNITED STATES OF AMERICA
v.
DEBORAH A. DIFRANCESCO

AMENDED
**JUDGMENT IN A CRIMINAL CASE**

Case Number: 2:13-CR-0089-JCM-GWF

USM Number: 47719-048

Mark Bailus
Defendant's Attorney

**THE DEFENDANT:**

☑ pleaded guilty to count(s)  (1) of the indictment and counts (1,2,3) of the information

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 26 U.S.C.§7201 | Income Tax Evasion | 3/19/2010 | 1 |
| 18 U.S.C.§1343 | Wire Fraud | 6/22/2011 | 1,2,3 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

9/4/2013
Date of Imposition of Judgment

*/s/ James C. Mahan*
Signature of Judge

James C. Mahan,            U.S. District Judge
Name and Title of Judge

November 22, 2013
Date

Judgment — Page 2 of 7

DEFENDANT: DEBORAH A. DIFRANCESCO
CASE NUMBER: 2:13-CR-0089-JCM-GWF

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

(60) months as to count (1) of the indictment and (63) months as to counts (1,2,3) of the information for a total of (63) months.

☑ The court makes the following recommendations to the Bureau of Prisons:

As close to Las Vegas, Nevada as possible.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
   ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
   ☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☑ before 2 p.m. on  12/6/2013 .
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: DEBORAH A. DIFRANCESCO
CASE NUMBER: 2:13-CR-0089-JCM-GWF

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

(3) years on count (1) of the indictment and (3) years on counts (1,2,3) of the information for a total of (3) years.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The Defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually. Revocation is mandatory for refusal to comply.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  *(Check, if applicable.)*

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  *(Check, if applicable.)*

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer.  *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.  *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence.  *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: DEBORAH A. DIFRANCESCO
CASE NUMBER: 2:13-CR-0089-JCM-GWF

## SPECIAL CONDITIONS OF SUPERVISION

1. Possession of Weapons - You shall not possess, have under your control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state, or local law.

2. Warrant less Search - To ensure compliance with all conditions of release, the defendant shall submit to the search of his/her person, and any property, residence, business or automobile under his/her control by the probation officer, or any other authorized person under the immediate and personal supervision of the probation officer without a search warrant at a reasonable time and in a reasonable manner. Provided, however, the defendant shall be required to submit to any search only if the probation officer has reasonable suspicion to believe the defendant has violated a condition or conditions of release.

3. Mental Health Treatment - You shall participate in and successfully complete a mental health treatment program, which may include testing, evaluation, and/or outpatient counseling, as approved and directed by the probation office. You shall refrain from the use and possession of beer, wine, liquor, and other forms of intoxicants while participating in mental health treatment. Further, you shall be required to contribute to the costs of services for such treatment, as approved and directed by the probation office based upon your ability to pay.

4. Gambling Prohibition - You shall not enter, frequent, or be involved with any legal or illegal gambling establishment or activity, except for the purpose of employment, as approved and directed by the probation officer.

5. Gambling Addiction Treatment - You shall refrain from any form of gambling and shall participate in a program for the treatment of gambling addiction, at your own expense, as approved and directed by the probation officer, based upon your ability to pay.

6. Debt Obligations - You shall be prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without the approval of the probation officer.

7. Access to Financial Information - You shall provide the probation officer access to any requested financial information, including personal income tax returns, authorization for release of credit information, and any other business financial information in which you have a control or interest.

8. Internal Revenue Service Compliance - You shall cooperate and arrange with the Internal Revenue Service to pay all past and present taxes, interest, and penalties owed. You shall file timely, accurate, and lawful income tax returns and show proof of same to the probation officer.

9. Report to Probation Officer After Release from Custody - You shall report, in person, to the probation office in the district to which you are released within 72 hours of discharge from custody.

## ACKNOWLEDGEMENT

Upon finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____    _____
                     Defendant                                    Date


            _____    _____
            U.S. Probation/Designated Witness                     Date

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties
Amended
Case 2:13-cr-00089-JCM-GWF Document 41 Filed 11/22/13 Page 5 of 10

Judgment — Page 5 of 7

DEFENDANT: DEBORAH A. DIFRANCESCO
CASE NUMBER: 2:13-CR-0089-JCM-GWF

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 400.00 | $ 0.00 | * $ 4,925,048.71 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Archery Trade Association | $25,441.82 | | |
| C and F Enterprises, LLC | $15,460.86 | | |
| Cal/Pac Paintings & Coatings Acquisition, Inc. | $39,205.04 | | |
| DCA Architects, LLC | $25,000.00 | | |
| Dynamic Commissioning Solutions, Inc. | $2,257.09 | | |
| EEC, LLC | $170,086.20 | | |
| Envision Utah | $4,912.58 | | |
| Grind Burger Bar & Lounge, LLC | $15,446.10 | | |
| Hamada FH, Inc. | $40,171.35 | | |
| Hamada, Inc. | $6,000.00 | | |
| Hamada Main, Inc. | $9,248.25 | | |
| **TOTALS** | $ 4,925,048.71 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: DEBORAH A. DIFRANCESCO
CASE NUMBER: 2:13-CR-0089-JCM-GWF

# ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Harris Consulting Engineers | $112,000.00 | | |
| Incontact, Inc. | $300,000.00 | | |
| Loudon Management, LLC | $8,109.58 | | |
| Mobile Association for Retarded Citizens | $266,217.15 | | |
| Nedco Supply & Electronic Leasing, Inc. | $637,998.23 | | |
| Orgill Singer and Associates, Inc. | $537,928.31 | | |
| Stake Center Locating, Inc. | $736,846.34 | | |
| Tri-Core Surveying, LLC | $6,564.81 | | |
| UniteHere! Local 11 Culinary Union | $196,023.42 | | |
| UniteHere! Local 226 Culinary Union | $556,415.28 | | |
| UniteHere! Local 24 Culinary Union | $51,982.48 | | |
| Wavell-Huber Wood Products, Inc. | $33,228.82 | | |
| Internal Revenue Service | $1,128,505.00 | | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: DEBORAH A. DIFRANCESCO
CASE NUMBER: 2:13-CR-0089-JCM-GWF

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payment of $ 400.00 due immediately, balance due

☐ not later than _____, or
☐ in accordance ☐ C, ☐ D, ☐ E, or ☒ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

\* Restitution is mandatory in the amount of $3,796,543.71 with interest payable immediately, and discretionary restitution in the amount of $1,128,505.00 resulting in restitution totaling $4,925,048.71.

Restitution Re-Payment - You shall make restitution payments at a rate at no less than 10% of gross income subject to an adjustment by the probation officer based upon your ability to pay.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

**U.S. v. DEBORAH A. DIFRANCESCO**
**2:13-cr-089-JCM-GWF**
**Restitution List**



FILED ___ RECEIVED
ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD
SEP - 4 2013
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: ___ DEPUTY

| | |
|---|---|
| Archery Trade Association<br>101 North German Street, Suite 3<br>New Ulm, New Mexico 56073 | $25,441.82 |
| C and F Enterprises, LLC<br>1355 Echo Creek Street<br>Henderson, Nevada 89052 | $15,460.86 |
| Cal/Pac Paintings & Coatings Acquisition, Inc.<br>1411 North Batavia Street<br>Suite 205<br>Orange, California 92867 | $39,205.04 |
| DCA Architects, LLC<br>2909 Washington Boulevard<br>Ogden, Utah 84401 | $25,000.00 |
| Dynamic Commissioning Solutions, Inc.<br>3078 East Sunset Road, Suite 5<br>Las Vegas, Nevada 89120 | $2,257.09 |
| EEC, LLC<br>550 East Charleston Boulevard, Suite E<br>Las Vegas, Nevada 89104 | $170,086.20 |
| Envision Utah<br>254 South 600 East, Suite 201<br>Salt Lake City, Utah 84102 | $4,912.58 |
| Grind Burger Bar & Lounge, LLC<br>2920 North Green Valley Parkway, Suite 114<br>Henderson, Nevada 89014 | $15,446.10 |
| Hamada F H, Inc.<br>4080 Paradise Road, Suite 17<br>Las Vegas, Nevada 89109 | $40,171.35 |
| Hamada, Inc.<br>4080 Paradise Road, Suite 17<br>Las Vegas, Nevada 89109 | $6,000.00 |

| | |
|---|---|
| Hamada Main, Inc.<br>4080 Paradise Road, Suite 17<br>Las Vegas, Nevada 89109 | $9,248.25 |
| Harris Consulting Engineers<br>6630 Surrey Street, Suite 100<br>Las Vegas, Nevada 89119 | $112,000.00 |
| Incontact, Inc.<br>7730 South Union Park Avenue, Suite 500<br>Salt Lake City, Utah 84047 | $300,000.00 |
| Loudon Management, LLC<br>388 Quincy Court<br>Alpine, Utah 84004 | $8,109.58 |
| Mobile Association for Retarded Citizens<br>2424 Gordon Smith Drive<br>Mobile, Alabama 36617 | $266,217.15 |
| Nedco Supply & Electronic Leasing, Inc.<br>4200 Spring Mountain Road<br>Las Vegas, Nevada 89102 | $637,998.23 |
| Orgill Singer and Associates, Inc.<br>8360 West Sahara Avenue, Suite 110<br>Las Vegas, Nevada 89117 | $537,928.31 |
| Stake Center Locating, Inc.<br>2920 Directors Row<br>Salt Lake City, Utah 84104 | $736,846.34 |
| Tri-Core Surveying, LLC<br>6761 West Charleston Boulevard<br>Las Vegas, Nevada 89146 | $6,564.81 |
| UniteHere! Local 11 Culinary Union<br>1630 South Commerce Street<br>Las Vegas, Nevada 89102 | $196,023.42 |
| UniteHere! Local 226 Culinary Union<br>1630 South Commerce Street<br>Las Vegas, Nevada 89102 | $556,415.28 |

| | |
|---|---|
| UniteHere! Local 24 Culinary Union<br>1630 South Commerce Street<br>Las Vegas, Nevada 89102 | $51,982.48 |
| Wavell-Huber Wood Products, Inc.<br>180 North 700 West<br>North Salt Lake City, Utah 84504 | $33,228.82 |
| Internal Revenue Service<br>Attn: Mail Stop 6261, Restitution<br>333 West Pershing Avenue<br>Kansas City, Missouri 64108 | $1,128,505 |